UNITED STATES of America,
Appellant,

v.

John Henry HARRIS, Appellee.

No. 75–1317.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 20, 1975.

Decided Sept. 30, 1975.

Certiorari Denied Jan. 19, 1976.

See 96 S.Ct. 860.

Charles L. Beard, Asst. U. S. Atty., and (William B. Cummings, U. S. Atty., on brief), for appellant.

Lawrence H. Framme, III, Richmond, Va. (McGuire, Woods & Battle, Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge.

A federal grand jury indicted John Henry Harris for possession of a firearm that bore no serial number and that was unregistered. 26 U.S.C. § 5861(d), (i). He made a motion to suppress the weapon, which the district court granted. Before trial, the Government appeals that decision.

On August 28, 1974 an agent of the Alcohol, Firearms and Tobacco Division received a call from an informant known

'to be reliable. The informant stated that a man wearing certain clothes was standing in an alley and was carrying a .410 gauge shotgun-pistol. Two agents immediately went to the described location. As they approached, they observed a man, fitting the informant's description, standing in the alley. They saw a portion of a pistol protruding from a pocket of his trousers. One agent testified that at that point he would have arrested Harris. Instead of formally arresting him, however, they continued to approach. One identified them as federal agents and inquired whether the defendant had a gun. Harris responded affirmatively, and began to draw the pistol from his pocket, at which time one agent grabbed his arm and took the pistol. Only after the seizure did the agents warn Harris of his constitutional rights.

■ The district court granted the motion to suppress on the ground that the pistol was obtained as a result of police questioning in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The court laid great stress on the agent's statement that he was going to arrest Harris after his observations, but before the question. Even assuming that the question was improper, however, the weapon should not have been suppressed. It was in no way a product of a *Miranda* violation; the agents knew as much about the pistol before the question as after it. In this case it is undisputed that the agents could have walked directly up to Harris, detained him, and frisked him. The product of such a search would have been admissible. The circumstance that they politely asked about the pistol, instead of forcibly seizing it, makes it no less admissible.

■ Additionally, we do not think that the agent's question was "custodial interrogation" for which a *Miranda* warn-

ing was required. In *United States v. Gibson*, 4th Cir., 392 F.2d 373,[1] we upheld the admission of the product of a similar question. In that case an anonymous informant told the police that Gibson was driving a stolen car, which he described in appearance and by license number. In a records check the officer discovered that the license plate had been reported lost or stolen and that it had not been issued to Gibson. Later, he found the car parked near a tavern in which Gibson was located. The officer asked Gibson to step outside and then inquired whether the car belonged to him. At first, the suspect denied ownership, but immediately changed his story and admitted it. He produced a registration slip for the vehicle, which appeared to the officer to have been altered. In *Gibson* we held that the police questions and Gibson's answers and the registration were admissible although no *Miranda* warning was given.

In Harris' case the agents were more confident that they had the right man, but in *Gibson* the investigation equally had focused on a single individual. The agents exercised no control over Harris other than approaching him, while in *Gibson* the officer had asked him to step outside. Both encounters were quite brief. Under the circumstances of this case, we think that there was no "potentiality for compulsion" or other consideration to bring *Miranda* into play.

Accordingly, the decision of the district court is reversed.

*Reversed.*

1. *Cf. Orozco v. Texas*, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969).